FILED
2007 Jan-16 PM 01:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **OWNERS INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | Civil Action Number |
| vs. | ) | **5:06-cv-01361-UWC** |
| | ) | |
| **DENNIS SHARPE, GAIL SHARPE, TINA JOHNSON and CHRISTOPHER PLUMBING & ELECTRICAL, INC.,** | ) ) ) ) ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION GRANTING DEFENDANT CHRISTOPHER PLUMBING'S MOTION TO DISMISS

Presently before the Court is Defendant Christopher Plumbing & Electrical Company's ("Christopher Plumbing") Motion to Dismiss or in the Alternative Stay Further Proceedings, (Doc. 12), and Owners Insurance Company's ("Plaintiff") Motion for Summary Judgment, (Doc. 11). For the reasons elaborated herein, Defendant's Motion to Dismiss is due to be granted, and accordingly, Plaintiff's Motion for Summary Judgment is due to be termed as moot.

The instant action was brought by Plaintiff pursuant to the Declaratory Judgment Act, 28 U.S.C. Section 2201, seeking a declaration that it has no duty to

defend or indemnify Christopher Plumbing from the allegations of an underlying state court complaint.  On the date the complaint was filed, Christopher Plumbing was named as a Defendant in a pending civil suit in the Circuit Court of Cullman County, Alabama, civil action number CV-04-630.  In the state court action, Dennis and Gail Sharpe and Tina Johnson, Defendants in this instant action, asserted claims based on damages arising from the construction of a waste water treatment facility by Christopher Plumbing, Plaintiff's insured.

With respect to Plaintiff's duty to indemnify and defend in the state court action, Christopher Plumbing contends that a declaratory judgment ruling by this Court is premature and not ripe for adjudication.  The Court recognizes that the state court has not yet issued any determination of liability.  Thus, the Court is inclined to agree with Christopher Plumbing that this case is not ripe for adjudication.

Faced with the identical issue in *Guaranty National Insurance. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510 (M.D.Ala. 1996), the court concluded:

> [A] determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue. *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100, 104 (Ala.1977). *See also Home Ins. Co. v. Rice*, 585 So.2d 859, 861 (Ala.1991); *Tapscott v. Allstate Ins. Co.*, 526 So.2d 570, 573-75 (Ala.1988). That is why the Seventh Circuit Court of Appeals recently stated that "the duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit." *Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995).

Because this lawsuit has been brought under the Declaratory Judgment Act and because it has been brought in federal court, an issue of ripeness that may be peculiar to federal courts is raised. First, the Constitution restricts the exercise of judicial power to "cases" and "controversies." U.S. Const. art. III, § 2. The Declaratory Judgment Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision," *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41, 57 S.Ct. 461, 463, 81 L.Ed. 617 (1937), and thus "is operative only in respect to controversies which are such in the constitutional sense." *Id.* "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. . . . It is immaterial that frequently, in the declaratory judgment suit, the positions of the parties in the conventional suit are reversed; the inquiry is the same in either case." *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

*Second*, the Declaratory Judgment Act states that a court " may declare the rights and other legal relations of any interested party seeking this declaration." 28 U.S.C.A. § 2201 (emphasis added). The Supreme Court has "repeatedly characterized the Declaratory Judgment Act as 'an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant.' " *Wilton v. Seven Falls Co.*, 515 U.S. 277, [287], 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995) (quoting *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241, 73 S.Ct. 236, 239, 97 L.Ed. 291 (1952)). Therefore, " '[t]here is . . . nothing automatic or obligatory about the assumption of "jurisdiction" by a federal court to hear a declaratory judgment action . . . . Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close. In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.' " *Wilton*, 515 U.S. at 288, 115 S.Ct. at 2143 (quoting E. Borchard, Declaratory Judgments 313 (2d ed. 1941)). Emphasizing the "unique breadth of this discretion," the Supreme Court has stated that it is "more consistent with the statute to vest district courts with discretion in the first instance, because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly within their grasp." *Id.* at [289], 115 S.Ct. at 2144.

945 F.Supp. at 1514-15 (footnotes omitted).

The issues enumerated by the *Beeline* Court are relevant in the instant action. If Christopher Plumbing, Plaintiff's insured, prevails in the state court action, the relief Plaintiff seeks in this Court would be rendered moot, and the Court's time and resources would go to waste. Accordingly, the Court finds that the issue of Plaintiff's duty to defend and indemnity Christopher Plumbing is not currently ripe for adjudication. Even if Plaintiff's claim constituted a "case" or controversy," the Court, in its discretion, would decline to provide declaratory relief.

Therefore, Christopher Plumbing's Motion to Dismiss will be granted by separate order.

Done the 16th day of January, 2007.

```
                                    /s/ U.W. Clemon
                                    _____
                                         U.W. Clemon
                                    United States District Judge
```